CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 19, 2013

LETTER TO COUNSEL

     RE:     *Roman A. Bonitati v. Commissioner of Social Security*;
              Civil No. SAG-12-2755

Dear Counsel:

On September 14, 2012, claimant Roman A. Bonitati petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Bonitati's reply. (ECF Nos. 13, 19, 22). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Mr. Bonitati filed his claim for benefits on June 12, 2008, alleging disability beginning on January 2, 2005. (Tr. 12, 123-24). His claims were denied initially on September 30, 2008, and on reconsideration on February 25, 2009. (Tr. 91-94, 98-99). On March 17, 2010, an Administrative Law Judge ("the ALJ") held a hearing. (Tr. 23-49). On June 24, 2010, the ALJ issued an opinion denying benefits. (Tr. 9-22). The Appeals Council denied Mr. Bonitati's request for review, (Tr. 1-5), so the ALJ's opinion is the final, reviewable decision of the agency.

The ALJ found that Mr. Bonitati suffered from the severe impairments of obesity, diabetes mellitus, personality disorder, and depression. (Tr. 14). Despite these impairments, the ALJ found that Mr. Bonitati had retained the residual functional capacity ("RFC") to "perform the full range of sedentary work as defined in 20 CFR 404.1567(a) except that he is limited to routine, repetitive, unskilled tasks." (Tr. 15). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Mr. Bonitati could perform work existing in the local and national economy, and that he therefore was not disabled. (Tr. 18). The ALJ made an alternative finding that Mr. Bonitati was not disabled pursuant to Medical-Vocational Rule 201.21. *Id.*

Remand is warranted because the ALJ failed to apply the required "special technique" for evaluating the severity of mental impairments and whether an impairment meets or medically equals a listing. That technique is set forth in 20 C.F.R. § 404.1520a; *Rabbers v. Comm'r of the Soc. Sec. Admin.,* 582 F.3d 647, 652-54 (6th Cir. 2009); *Kohler v. Astrue,* 546 F.3d 260, 265-66

(2d Cir. 2008) (citing *Schmidt v. Astrue,* 496 F.3d 833, 844 n.4 (7th Cir. 2007)). The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* § 404.1520a(b)(2), 404.1520a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* § 404.1520(e)(4).

Although the ALJ outlined the special technique, absolutely no analysis was provided. The ALJ simply stated the degree of functional limitation in each area, with no citation to the evidence of record or explanation of the reasons for the finding. (Tr. 15). Moreover, the remainder of the opinion contains no discussion of Mr. Bonitati's ability to engage in social functioning or to concentrate on tasks. In light of the complete failure of explanation, remand is warranted for an adequate application of the special technique. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Bonitati is not entitled to benefits is correct or incorrect.

In addition, I agree that the ALJ did not provide substantial evidence for his finding that Mr. Bonitati had "at least a high school education." (Tr. 17). In this case, where there is conflicting evidence regarding Mr. Bonitati's educational level, and when the outcome of the question could possibly impact application of the Medical-Vocational Guidelines, the ALJ must explain the basis for that determination. Moreover, given Mr. Bonitati's vocational adversities and relative proximity to the next age category as of his date last insured, if the ALJ intends to rely on the Medical-Vocational Guidelines on remand, he should incorporate an express analysis as to whether Mr. Bonitati's alleged "borderline age situation" would affect the applicable guideline.

Finally, since the case is being remanded on other grounds, on remand the ALJ should discuss Mr. Bonitati's other alleged impairments, including migraine headaches, learning disability, attention-deficit disorder, and schizoaffective disorder and post-traumatic stress disorder, and relevant treatment records. It may be that, for the reasons cited by the Commissioner, Def. Br. 18-22, the ALJ determines that those impairments are non-severe. However, at Step Two, the ALJ should address each impairment and whether or not it is properly deemed severe.

For the reasons set forth herein, Mr. Bonitati's motion for summary judgment (ECF No. 13) and Defendant's motion for summary judgment (ECF No. 19) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

  Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

            Sincerely yours,

              /s/

            Stephanie A. Gallagher
            United States Magistrate Judge